PASQUALE DE CICCO, ADMINISTRATOR, *vs.* CARLOS V. MASON ET ALS.

* Third Judicial District, New Haven, January Term, 1927.
WHEELER, C. J,. MALTBIE, HAINES, HINMAN and WOLFE, Js.

Where there was evidence that the plaintiff's intestate was in good health before he was struck by the defendants' automobile, that on the day of the accident he complained of his ribs being crushed, and that he suffered no subsequent injury up to the time of his death, the trial court properly admitted the testimony of one doctor that before his death and at the time of his admission to an insane hospital after the accident, four ribs were fractured and that this might have occurred at the time of the accident, and of another, that an autopsy performed over two months after the accident disclosed a similar condition.

A hypothetical question propounded to a medical expert was not objectionable because it included the insanity which intervened between the date of the accident and the decedent's death and

* Transferred from First Judicial District.

De Cicco *v.* Mason.

which was necessarily a part of the chain of causation leading to his death.

It is within the trial court's discretion to admit evidence upon promise of counsel that it will be made competent by later connecting evidence.

Argued January 27th—decided April 11th, 1927.

ACTION to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the defendants' negligence, brought to the Superior Court in Hartford County and tried to the jury before *Banks*, J.; verdict and judgment for the plaintiff and appeal by the defendants. *No error.*

*John J. Cullinan, Jr.,* and *David A. Cronin,* for the appellants (defendants).

*James E. McKnight,* for the appellee (plaintiff).

WHEELER, C. J. The denial of the motion to set aside the verdict was not erroneous; we cannot hold, upon the evidence, that the jury could not reasonably have found the defendants negligent as alleged and awarded just damages in the amount they did. The court's instruction to the jury as to the proper rule for the measure of damages in case the jury found the death of Lyggio, plaintiff's intestate, was the direct and proximate result of the injuries he received from being negligently run into and knocked down by defendants' automobile, was unexceptionable.

The court's further instruction as to the proper rule for the measure of damages, in case the jury found the death was not caused by the impact of defendants' automobile but that Lyggio did suffer some injuries as a result of defendants' negligence, was also unexceptionable. The verdict plainly indicates that the damages awarded were for the death of Lyggio. It is therefore unnecessary to consider the claimed error

of the court in failing specifically to charge, as requested by defendants, that "the plaintiff cannot recover for any injuries or maladies suffered by the plaintiff's intestate other than those alleged in the complaint."

Mrs. Depietro, a witness for the plaintiff, testified that on the afternoon of the day (March 27th, 1924) Lyggio was struck by defendants' automobile, she visited him in the Bristol hospital, and he then complained to her that "an automobile ran over him and crushed his ribs." Dr. Lombardi thereafter testified that he performed an autopsy on Lyggio on June 9th, 1924. He was then asked to state what his findings were, and upon counsel promising to connect the results of the autopsy with this collision, the court admitted the evidence and defendants excepted. Dr. Lombardi thereupon testified that he found four ribs fractured and an overlapping of the fragments held together by a soft callus formation, and in his opinion that the ribs might have been fractured at the time of the accident on March 27th, 1924. Dr. Shenk also testified to his finding the four fractured ribs when he was brought to the insane hospital at Norwich. Defendants excepted to the rulings admitting this evidence over defendants' objection of its inadmissibility because of its remoteness. The evidence was admissible in connection with the other evidence offered by the plaintiff which tended to show that Lyggio was well before the collision and had not been injured in any way after the accident and until his death. It was a fair inference for the jury that these ribs were fractured in this collision. The court did not, under the circumstances present, exceed the limits of its discretion in admitting the evidence subject to the promise of plaintiff's counsel to later make the necessary

connection.   The promise was fulfilled.   Dr. Shenk was also asked a hypothetical question based on the facts assumed to have been proven.   To this defendants' counsel objected because of the inclusion of facts not in evidence, and also, of its inclusion of the fact of Lyggio's insanity while in the hospital at Norwich. At the court's suggestion the question was amended so as to avoid the first of these objections.   As to the second objection it was proper to show the chain of causation leading to his death, and in this chain was necessarily included the fact of his insanity.   The exception to this evidence was properly overruled.

There is no error.

In this opinion the other judges concurred.